# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIGUEL A. TREJOS,**

        **Plaintiff,**

**-vs-**                 **Case No. 6:07-cv-1100-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNCONTESTED SECOND AMENDED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 38)** |
| **FILED:** | **May 7, 2010** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I.   BACKGROUND

  On June 8, 2007, Miguel A. Trejos (the "Plaintiff") and his counsel entered into a contingency fee agreement whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 38-1. On September 16, 2008, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (herein, "Commissioner" or "Defendant") for further proceedings pursuant to sentence

1

four of 42 U.S.C. § 405(g).  Doc. No. 23.  On November 4, 2008, Plaintiff's counsel was awarded attorneys' fee in the amount of $4,315.70 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA").  Doc. No. 28.

Plaintiff's counsel asserts that on or about December 7, 2009, Plaintiff received a notice which ultimately reflected a total award of past due benefits in the amount of $85,922.40.  Doc. Nos. 38 at ¶ 10 n. 1, 38-2, 38-3.  On May 7, 2010, Plaintiff's counsel, Richard A. Culbertson, filed a motion (the "Motion") requesting Authorization to Charge a Reasonable Fee and Memorandum of Reasonable Fees Pursuant to 42 U.S.C. § 406(b) in the net amount of $16,889.05 (representing 25% of past-due benefits which equals $21,204.75, minus $4,315.70 in EAJA fees) as a reasonable fee. Doc. No. 38 at ¶ 15.[1]  In the Certificate of Compliance with Local Rule 3.01(g), Plaintiff states that Defendant's counsel does not object to the Motion.  Doc. No. 38 at 7.  The Commissioner did not file a response to the Motion.

## II. LAW

Section 406(b) provides the following in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or

---

[1] Counsel's calculation of 25% of past due benefits ($21,204.75) (Doc. No. 38 at ¶ 15) is incorrect.  Twenty-five percent of Plaintiff's total award of past due benefits ($85,922.40) is $21,480.60.  *See* Doc. No. 38 at n. 1.

2

> certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See* 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under Section 406(b).

## III. ANALYSIS

### A. Fee Awards Under Section 406(b) and EAJA

Mr. Culbertson seeks attorney's fees of $16,889.05 (representing 25% of past-due benefits which equals $21,204.75, minus $4,315.70 in EAJA fees) as a reasonable fee. Doc. No. 38 at ¶ 15. In *Jackson v. Commissioner of Social Security*, No 09-12529, --- F.3d ---, 2010 WL 1254574 (11th Cir. April 2, 2010), the Eleventh Circuit held:

> Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.

*Id.* at *6. Therefore, the Court may award counsel a reasonable fee under Section 406(b) less the amount the of the EAJA fee. Such an award is commonly referred to as a "net" fee award.

3

B. <u>Reasonableness of Contingent Fee</u>

To evaluate an attorney's Section 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's

> representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id*. at 1363. Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Commissioner of Social Security*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453 at *5 (M.D. Fla. Sept. 20, 2008); *Whitaker v. Commissioner of Social Security*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777 at *2-3 (M.D. Fla. Oct. 23, 2008).

Mr. Culbertson previously provided the Court with two detailed time sheets showing that he and another attorney spent a total of spent a total of 26 hours of time on the case before this Court. Doc. No. 26 at 8-10. As a result of Mr. Culbertson's work, Plaintiff was successful on his claim. *See* Doc. No. 23. The Contingent Fee Agreement shows that Plaintiff was aware of and agreed to pay attorneys' fees equal to twenty-five percent of the total of past-due benefits to which Plaintiff was entitled. Doc. No. 38-1. In the Motion, Mr. Culbertson is requesting an amount of attorneys' fees slightly less than twenty-five percent of past-due benefits minus the fees awarded under EAJA, which is allowable by statute. *See* Doc. No. 38 at ¶ 15.[2] He seeks attorney's fees of $16,889.05 (representing 25% of past-due benefits which equals $21,204.75, minus $4,315.70 in EAJA fees). After reviewing the results obtained, the Motion, the Contingent Fee Agreement, and the time sheets, it is recommended that the Court find the attorneys' fees requested are reasonable.

---

[2] *See* supra, note 1. Because the amount of attorneys' fees requested in the Motion ($16,889.05) is less than twenty-five percent of the total amount of past due benefits awarded minus EAJA fees, the undersigned recommends that the Court award the actual amount of attorneys' fees requested in the Motion.

## IV. CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that:

1) The Motion (Doc. No. 38) be **GRANTED**;

2) Mr. Culbertson be authorized to charge and collect from Plaintiff the sum of $16,889.05; and

3) The Clerk be directed to close the case.

It is further **ORDERED** that Mr. Culbertson shall immediately provide a copy of this report and recommendation to Plaintiff. If Plaintiff objects to this report and recommendation, he may file an objection with the district court as set forth below.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2010.

						_____
						GREGORY J. KELLY
						UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Unrepresented Parties